### JIMMIE HUBBARD V. THE STATE.

No. 11388.   Delivered February 29, 1928.

Rehearing denied April 4, 1928.

**1.—Transporting Intoxicating Liquor—Argument of Counsel—No Error Shown.**

Where state's counsel in his argument to the jury referred to the issuance of an alias capias against the appellant, which had not been introduced in evidence, and his bill complaining of the argument is qualified by the trial court to the effect that the reference to the alias capias was in reply to the argument of appellant's counsel, no error is presented.

**2.—Same — Requested Charge — On Accomplice Testimony — Properly Refused.**

Where the evidence does not raise the issue of accomplice testimony there was no error in refusing a special charge submitting such issue. See Art. 670 P. C.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

Where the state witness testified positively, that appellant came to her house, at night, with a grip, which he asked to leave there for a while. The next morning witness looked into the grip, and it contained whiskey. During the day appellant came and removed part of the liquor, and later he removed it all. This testimony amply supported the conviction for transporting intoxicating liquors.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

A. A. *Dawson,* State's Attorney, for the state.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

The evidence produced by the state, we think, shows appellant's guilt beyond question. He did not testify and called no witness to combat the incriminating facts proven against him. This statement disposes of bills of exception one and two, which challenge in different ways the sufficiency of the evidence.

As qualified bill of exception number three shows no error.

Appellant objected to the argument of the District Attorney wherein he called attention to the fact that the indictment against appellant had been filed in December, 1925, but that an alias capias showed that he had not been arrested until January, 1927, the objection being that the alias capias was not in evidence, and that the remarks of the District Attorney was an insinuation that appellant had been "dodging arrest." In approving the bill the learned trial judge explained that appellant's counsel had argued that one Wade had been convicted of the same offense with which appellant was charged, but that appellant had not been tried for more than a year after Wade's conviction, and commented upon the "strange procedure;" it was in reply to such argument that the District Attorney alluded to the alias capias. The learned trial judge further certifies that he instructed the jury that they were to consider nothing but the facts in evidence. Conceding that the District Attorney should not have referred to a return on the alias capias—it not having been introduced in evidence—still we can not regard the circumstance as calling for a reversal. Appellant's guilt appears plain and the minimum penalty only was awarded. Hence injury resulting from the incident seems unlikely.

The court was not in error in refusing a special charge on accomplice testimony. The evidence does not appear to raise such an issue, especially in view of Art. 670, P. C.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's courteous motion for rehearing, we have again examined the record with a view of determining the sufficiency of the testimony to show appellant guilty of transporting intoxicating liquor. The state witness testified positively that appellant came to her house at night with a grip which he asked to leave there for a while. the next morning witness looked in the grip and it contained whiskey. During the day appellant came and removed part

of the liquor, and later he removed it all. It will thus be seen that he was guilty of transporting both ways.

Being unable to agree with the proposition that the evidence does not support the verdict, the motion for rehearing will be overruled.

*Overruled.*